HARDY, Judge.
This is an action by plaintiffs as the owners of certain described property in Claiborne Parish for the recovery of damages from defendants, S. W. Culpepper and Morris Robinson, in the nature of trespass for the illegal and bad faith cutting of timber. From judgment in favor of plaintiffs and against defendants, in solido, in the principal sum of $711.50, the defendant, Culpep-per, has appealed.
The issue presented requires a determination as to whether, according to the contentions of plaintiffs, the defendants were joint venturers in the ownership and cutting of the timber involved. This question involves a factual issue which was concluded in favor of plaintiffs after trial before the district judge.
The record discloses certain material and undisputed facts, namely, that Jim Fomby, the owner of a tract of land adjoining, on. the north, the property owned by plaintiffs, sold some timber to one Burley Hunter for a consideration of $500.00; Hunter testified that he, in turn, sold the timber on the Fom-by tract to defendants and received payment from Robinson by a check signed by-Culpepper; Robinson testified that he bought the timber and had a deed for same, although it was not produced on trial, and that he had borrowed the money for the purchase of the timber from Mr. Culpepper, who had no other relationship with the transaction. Culpepper testified that he borrowed the money from the bank in order to. lend it to Robinson and that he received stumpage on the pulpwood which he claimed was only for the purpose of being applied against the loan. There is much confusion as to Culpepper’s check, that is, as to whether it was payable to Hunter or Robinson and whether the amount was $500.00 or more. There is no question as to the fact that both defendants were engaged in the business of buying and selling timber and that they had operated together in numerous enterprises for a period of several' years. Nor is there any question that plaintiffs’ timber was wrongfully cut, although both Robinson and Culpepper deny any knowledge thereof. The only significant and enlightening documentary evidence in- *791 eluded in the record is a letter written to Mr. Raymond T. Nelson, one of the plaintiffs, by Mr. Culpepper, which acknowledged a communication from the addressee’s attorney as to the trespass. While the letter denied the writer’s responsibility and stated that he had only loaned Robinson the money to pay for the timber from Hunter, it did contain an offer to pay full price for the timber.
It is true that the conclusion of a joint Tindertaking between Robinson and Culpep-■per is based almost exclusively upon circum■stantial evidence, but we cannot find that the acceptance of such evidence has failed •in the instant case to preponderate in favor ■of plaintiffs’ claims against both defend•ants. Unquestionably, Culpepper was engaged in the timber and not in the money lending business, and the acceptance as a ■.fact of his contention that he borrowed •money from the bank and loaned the same to Robinson without the execution of a note ■or any evidence of the debt as between them, would appear to be somewhat unrealistic.
Robinson testified that he sold the timber to Haughton Wood Company, owned by S. J. Monroe, and that he made the deal with the company’s forester, Wendell Shute. We think it is significant to note that the testimony as to these facts, and further testimony as to the arrangement with the Haughton Wood Company for the payment of stumpage to Culpepper and the conditions thereof, could readily have been established by the testimony of the officials of the company from their records, but they were not called as witnesses on behalf of defendants.
It may be argued — and correctly so — that the initial burden of proof rests upon plaintiffs to establish their case and not upon the defendants to prove their innocence. However, where the plaintiffs have made out a case, even upon the basis of circumstantial evidence and reasonable conclusions to be drawn therefrom, it is then incumbent upon the defendants to overcome this by producing all the relevant evidence that is within their power. Since they have failed in this respect, we cannot find that the conclusion reached and the judgment rendered by the trial judge is erroneous.
With respect to the amount of the award, we are unable, on the face of the record, to find any error by the trial court in the assessment of damages.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.